WILLIAM CAMPBELL, APPELLANT, *v.* ANNIE LOUISE CAMPBELL, RESPONDENT.

*Action for divorce — permission to discontinue — when denied.*

In an action for divorce on the ground of adultery where counter-charges of adultery by plaintiff are set up in the answer and denied, the defendant has a right to have the question as to the plaintiff's adultery thus raised by the answer tried, and the plaintiff will not be allowed to discontinue.

APPEAL by plaintiff from an order denying a motion for leave to discontinue this action, brought for a divorce on the ground of adultery.

*Wm. Fullerton* and *James E. Chandler*, for the appellant.

*E. T. Garner* and *Miles Beach*, for the respondent.

DAVIS, P. J.:

The plaintiff brought his action for divorce for adultery. The defendant answered, denying the charges of adultery and setting up, by way of counter-claim, certain alleged adulteries of plaintiff for which she demanded affirmative relief, to wit, a decree of divorce in her favor, and alimony and provisions for her support. The plaintiff replied, denying the alleged counter-claim.

Pending a reference to fix an allowance for expenses and alimony *pendente lite*, the plaintiff moved for leave to discontinue the action. The Special Term denied the motion but allowed him to file a stipulation, if he chose so to do, with the referee, that he would give no evidence on the trial to establish the allegations of adultery in his complaint, to be considered by the referee in fixing alimony and expenses. There are two reasons why the decision of the court below was correct: First, the question was one of discretion under all the circumstances, and we think the discretion was properly exercised; second, the answer of defendant was in the nature of a cross-bill, and the issue joined thereon was one which she had a right to have tried for the purpose of obtaining her affirmative relief.

The rule gave her the right to interpose such answer. (Rule 81 ; 2 R. S., 145, § 42; *Leslie* v. *Leslie,* 11 Abb. [N. S.], 311; 17 Abb. Rep., 48.)

The defendant had, we think, a right to bring the issue joined by the reply to her answer setting up the alleged adulteries of her husband as a ground of affirmative relief, to a trial and decision, and could not, at the option of the plaintiff, be thrown out of court and compelled to resort to a new action. There is no good reason why this right should not exist, and many why it should. The proceedings in this class of actions are, to a certain extent, *sui generis.* And where the pleadings present issues of this kind, and in the form presented in this case, each party is an *actor,* and cannot be deprived without his or her consent of the right to pursue affirmative relief.

The order should, therefore, be affirmed, with ten dollars costs, besides disbursements.

BRADY, J., concurred in affirming the order.

Present — DAVIS, P. J., and BRADY, J.

Order affirmed, with ten dollars costs and disbursements.